# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR DIAZ** : | |
| : | |
| **Plaintiff** : | |
| : | CIVIL ACTION NO. 4:06-2401 |
| v. : | |
| : | (JONES, D.J.) |
| **CONEWAGO CCC CENTER,** : | (MANNION, M.J.) |
| **TERRI WERNERMILLE, and** : | |
| **MR. GARY** : | |
| **Defendant** : | |

# **MEMORANDUM AND ORDER**

Before the court is a motion filed by the plaintiff (as listed in his complaint) for the appointment of counsel. (Doc. No. 1).

In <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975), the court held that a federal court is authorized to request, in its discretion, an attorney to represent any person unable to employ counsel. However, in <u>Mallard v. U.S. District Court</u>, 490 U.S. 296 (1989), the court held that 28 U.S.C. § 1915(d) does not authorize the district court to <u>require</u> an unwilling attorney to represent an indigent litigant in a civil case. Moreover, the plaintiff has no constitutional or statutory right to appointment of counsel in a civil case. While the court does not have the power to appoint counsel under 28 U.S.C. § 1915(d), see <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981), the Third Circuit has stated that appointment of counsel should be made

> **only. . .upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting. . .from (a) probable inability without such assistance to present the facts and**

**legal issues to the court in a complex but arguably meritorious case.**

Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d. Cir. 1984).

In Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the United States Court of Appeals for the Third Circuit did not set aside its holding in Smith-Bey. Rather, the court elaborated by setting forth a number of factors the court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915(d).  The court in Tabron discussed the following factors:  (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience and the restraints placed on the plaintiff by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony.  Tabron, supra, at 155-156.

The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney.  A review of the record of this case suggests that plaintiff can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules.  The plaintiff is literate and is able to communicate his thoughts to the court.   His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel.  The issues raised by plaintiff do not appear to be

complex.

Thus, for the foregoing reasons, the plaintiff's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT** the plaintiff's motion for appointment of counsel (Doc. No. 1) is **DENIED.**

S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated:   January 11, 2007
O:\shared\ORDERS\2006 ORDERS\06-2401.01.wpd