IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HECTOR DIAZ,                                    :
                                                :
        Plaintiff,                              :        NO. 4:06-CV-2401
                                                :
    v.                                          :        (Judge Jones)
                                                :
CONEWAGO CCC CENTER and                         :        (Magistrate Judge Mannion)
TERRI WERNERMILLE,                              :
                                                :
        Defendants.                             :

## MEMORANDUM

### April ꓘ , 2008

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before this Court is a January 7, 2008 Report and Recommendation (doc. 49) by United States Magistrate Judge Malachy E. Mannion ("Magistrate Judge" or "Magistrate Judge Mannion"), which addresses several pending Motions (see docs. 39, 41, 46).  For the reasons that follow, we will accept the Report in its entirety and adopt it as our own.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

On December 15, 2006, pro se Plaintiff Hector Diaz ("Plaintiff" or "Diaz"), then an inmate confined at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville"), filed this civil rights action pursuant to 42 U.S.C.

1

§ 1983. (See Rec. Doc. 1).  Plaintiff named as Defendants Conewago CCC Center

and Terri Wernermille (collectively, "Defendants").  Id.

On September 27, 2007, Defendants filed a Motion to Compel Discovery

and a Motion to Dismiss for Failure to Provide Discovery (see doc. 39), both under

Rule 37 of the Federal Rules of Civil Procedure, as well as a brief in support

thereof (see doc. 40).  On October 19, 2007, Defendants filed a Second Motion to

Dismiss (see doc. 41), alleging abandonment under Federal Rule of Civil

Procedure 41, as well as a brief in support (see doc. 42).

As of October 29, 2007, Plaintiff had not yet responded to any of the

aforementioned Motions.  (See Rec. Doc. 45).  As a result, Magistrate Judge

Mannion inquired as to Plaintiff's status at SCI-Frackville, and he was informed

that Plaintiff was released from the same on September 4, 2007.  Id.  Thus, on

October 29, 2007, despite Plaintiff's failure to file a Notice of Change of Address

until October 22, 2007 (see doc. 44), Magistrate Judge Mannion directed that

Plaintiff be served with the pending Motions and supporting briefs at his new

address and afforded Plaintiff an opportunity to respond thereto.  (Rec. Doc. 45).

More specifically, Plaintiff was directed to file briefs in response to the Motions

within thirty (30) days of service and informed that the failure to do so would be

construed as a desire to abandon the action.  Id.

In compliance with Magistrate Judge Mannion's Order, Plaintiff was served with the relevant Motions. (See Rec. Doc. 46, Exh. A). Nevertheless, to date, Plaintiff has not responded thereto. As a result, on November 23, 2007, Defendants filed a Third Motion to Dismiss (doc. 46), again on the basis of lack of prosecution.

Presently before the Court is a Report (doc. 49) issued by Magistrate Judge Mannion pertaining to all of Defendants' pending Motions (docs. 39, 41, 46). The Report recommends that Defendants' Motions to Dismiss for Abandonment (docs. 41, 46) be granted, and Defendants' Motions to Compel Discovery and to Dismiss for Failure to Provide Discovery (doc. 39) be denied as moot. Plaintiff has not filed Objections to the Magistrate Judge's Report and Recommendation. Accordingly, this matter is ripe for disposition.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

3

1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. <u>Id.</u>

**DISCUSSION**:

Dismissal of an action or claim under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate if a plaintiff fails to prosecute the action or to comply with the Rules or a court order. Fed. R. Civ. P. 41(b). Such involuntary dismissal operates as an adjudication on the merits unless a court orders otherwise. <u>Id.</u> Dismissal with prejudice is an "extreme" sanction. <u>Nat. Hockey League v. Metro. Hockey League</u>, 427 U.S. 639, 643 (1976). Because such a sanction "deprives a party of its day in court," a court should balance the relevant factors in determining that dismissal with prejudice is appropriate. <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 875 (3d Cir. 1984). A court should consider: the extent of the party's personal responsibility, a history of dilatoriness, whether the conduct was willful or in bad faith, the meritoriousness of the underlying claim, the prejudice to the other party, and the alternative sanctions available. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).

In the Report, Magistrate Judge Mannion notes Plaintiff's repeatedly dilatory conduct. (Rec. Doc. 49). Such conduct includes: Plaintiff's refusal to respond to discovery requests; Plaintiff's failure to file a Notice of Change of

4

Address until nearly two (2) months after his release from SCI-Frackville,

Plaintiff's disinclination to take advantage of the opportunity to respond to the

pending Motions that Magistrate Judge Mannion afforded him; and, finally,

Plaintiff's failure to respond to, or request an extension of time in which to do so,

Defendants' most recent Motion to Dismiss (doc. 46) or the Magistrate Judge's

Report (doc. 49).  Plaintiff's refusal to respond to the pending Motions is

particularly telling given the Magistrate Judge's explicit warning that "[i]f the

plaintiff fails to file responsive briefs within the required time, the court will

construe that failure as his desire to abandon the instant action and will therefore

recommend that the instant action be dismissed."  (Rec. Doc. 45 at 2).

While this Court is cognizant that dismissal with prejudice is a serious

sanction, we find that the circumstances of this action warrant such dismissal.

Plaintiff, representing himself, was personally responsible to file the appropriate

responses.  Although it is not clear whether Plaintiff's failures were intended in

bad faith or otherwise, it is clear that for some time, Plaintiff has failed to file

anything in the way of responsive briefs, requests for an extension of time, or

Objections to the Magistrate Judge's suggested Report.  Plaintiff's consistent

lagging – his failure to cooperate with discovery and failure to comply with

Magistrate Judge Mannion's Order (doc. 45) – prejudices Defendants because

Plaintiff's refusal to cooperate in the litigation of this action leaves them unable to properly prepare a defense against these claims and because all parties have an interest in the effective resolution of this action. Finally, the Court finds that other, less serious sanctions would be inappropriate. Plaintiff has completely failed to continue prosecuting this action. While earlier tardiness may be excusable because of Plaintiff's change of location, the continuing abandonment of this action is not.

Additionally, because we agree that Defendants' Motions to Dismiss for Abandonment should be granted (docs. 41, 46) and the case dismissed, we concur in Magistrate Judge Mannion's determination that Defendants' Motions to Compel Discovery and to Dismiss for Failure to Provide Discovery (doc. 39) should be denied as moot.

## CONCLUSION:

For the reasons indicated above, we will accept the learned Magistrate Judge's Report in its entirety and adopt it as our own. Accordingly, Defendants' Motions to Dismiss for Abandonment pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (docs. 41, 46) shall be granted, and Defendants' Motions to Compel Discovery and to Dismiss for Failure to Provide Discovery (doc. 39) shall be denied as moot. The instant action shall be dismissed with prejudice.

An appropriate Order shall issue on today's date.

6